IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy Collier, ) | |
| ) | Civil Action No.2:12-cv-01523-TMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Sheriff Steven Mueller and Nurse ) | |
| Margaret Lewis, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, a pretrial detainee at the time he filed suit, brought this *pro se* action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendants' Motion for Summary Judgment. (Dkt. No. 30.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about June 8, 2012. (Dkt. No. 1.) On September 19, 2012, Defendants filed a Motion for Summary Judgment. (Dkt. No. 30.) By order filed September 20, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 31.) It appears that, around this time, Plaintiff entered the custody of the South Carolina Department of Corrections. (See Dkt. No. 28; Dkt. No. 33.) On or about October 16, 2012, Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment. (Dkt. No. 46.)

## PROCEDURAL FACTS

Plaintiff, who is currently housed at Allendale Correctional Institution, alleges claims pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Cherokee County

Detention Center (the "Detention Center"). (See Compl.; see also Am. Compl.) Plaintiff alleges that since he has been incarcerated at the Detention Center, "in the custody and/or chain of custody of Sheriff Steven Mueller, and also under the medical supervision of Nurse Margaret" Lewis, Plaintiff "has suffered from medical neglect . . . on many occasions." (Dkt. No. 1 at 3 of 5.) Plaintiff complains that he "was refused medical/dental treatment because he has no money." (Id.) Specifically, Plaintiff alleges that he "requested medical attention for the treatment of severely infected teeth which was blatantly refuse[d] to him" by Defendant Lewis and "other supervisors" at the Detention Center "who are in a chain of command in which Sheriff Steven Mueller is in charge of." (Id.) Plaintiff also complains that his "inmate account has been debited in an excessive amount for charges of receiving hygiene packs while he is indigent and a ward of the State of South Carolina and the County of Cherokee." (Id.)

Plaintiff seeks compensatory damages, punitive damages, and injunctive relief. (Id. at 5 of 5.)

## APPLICABLE LAW

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id.

(quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Defendants seek summary judgment on numerous grounds. (See generally Dkt. No. 30.) Defendants argue, *inter alia*, that Defendant Mueller is entitled to summary judgment because "the doctrines of vicarious liability and *respondeat superior* do not apply in Section 1983 actions." (Dkt. No. 30-1 at 17.) The undersigned agrees that Defendant Mueller is entitled to summary judgment. Plaintiff does not allege any personal action or inaction by Defendant Mueller; his allegations against Mueller are simply that Mueller is "in charge of" the Detention Center. (See generally Compl.)

The doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-29 (4th Cir. 1977); see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). However, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). In such a case, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." Id. at 373 (internal quotation marks and citations

3

omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." Id. (citations omitted).

Plaintiff's allegations that Mueller is "in charge of" the Detention Center do not support Mueller's liability pursuant to § 1983. See, e.g., Mixon v. Torres, No. 0:09-2454-MBS, 2010 WL 1791347, at *3 (D.S.C. May 3, 2010); Sayles v. Anderson, No. 8:09-3066-PMD, 2010 WL 234909, at *4 (D.S.C. Jan. 19, 2010). The undersigned therefore recommends granting summary judgment to Defendant Mueller on all of Plaintiff's claims against Mueller, including the claims related to Plaintiff's inmate account.

Defendants also seek summary judgment on behalf of Defendant Lewis, contending, *inter alia*, that Plaintiff "failed to state allegations in his Complaint sufficient to rise to the level of deliberate indifference." (Dkt. No. 30-1 at 7.)

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal citations omitted).[1] To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a

---

[1] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment. See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle, 429 U.S. 97); see also Hill v. Nicodemus, 979 F.2d 987, 990-92 (4th Cir. 1992).

4

sufficiently culpable state of mind." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." Id. It is well-settled that mere negligence does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06; Grayson v. Peed, 195 F.3d 692, 695-96 (4th Cir. 1999); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (holding that "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim pursuant to § 1983).

The undersigned recommends granting summary judgment to Defendant Lewis. Defendants attached the Affidavit of Major Robert Padgett to their Motion for Summary Judgment. (See Dkt. No. 30-2.) Padgett states in his Affidavit that he is the "county employee in charge of the Cherokee County Detention Center." (Padgett Aff. ¶ 1.) Padgett states,

> 3. The Cherokee County Detention Center does not provide routine dental care to its detainees. In the event that any detainee at the Cherokee County Detention Center has a dental emergency, the Cherokee County Detention Center will refer that inmate for outside dental care. The Detention Center relies upon its medical staff to determine whether or not dental complaints constitute a "dental emergency" requiring an outside referral. . . .
>
> 4. On May 29, 2012, I received an inmate request form from Timothy Collier indicating that his tooth had been hurting and that he would like Orajel and/or a heating pad for the pain but did not have money to pay for either. Timothy Collier was seen by a doctor regarding his complaints on May 30, 2012.
>
> 5. It is the practice of the Cherokee County Detention Center to allow inmates certain necessary items even when funds are lacking in their prisoner accounts. The accounts are then debited for those charges when there are sufficient funds available in the account to cover those charges. This is what happened with regard to the $5.50 charge Mr. Collier complained of.

(Padgett Aff. ¶¶ 3-5.) Defendants also attached the Affidavit of Defendant Lewis to their motion. (See Dkt. No. 30-4.) Ms. Lewis states, *inter alia*,

5

> 2. On May 30, 2012, Timothy Collier was seen in Sick Call requesting to see a dentist. Dr. Miszkiewicz at the Cherokee County Detention Center denied this request because it was not an emergency. I was not in the decision-making process with regard to whether or not Mr. Collier could see an outside dentist.
>
> 3. It is my understanding that Mr. Collier had requested Orajel and a heat pack. These were not provided to him because the Cherokee County Detention Center does not have heat packs and does not distribute over the counter medications.
>
> 4. On June 11, 2012, Mr. Collier filled out a Sick Call request requesting antibiotics for an abscessed tooth. He was referred for physician evaluation on June 11, 2012.
>
> 5. Mr. Collier was seen by Dr. Miszkiewicz on June 11, 2012, and prescribed 500 milligrams of Amoxicillin to be taken one time daily to treat his tooth. This medication was administered to Mr. Collier until the course of treatment was complete.
>
> 6. We have no other records regarding any complaints from Mr. Collier regarding his teeth.
>
> 7. Mr. Collier suffers from high blood pressure and, as a result, has been frequently seen by the medical staff at the Cherokee County Detention Center. At one point in time, his blood pressure had gotten so high that he had to be transported to the Emergency Room for care.
>
> 8. When persons are taken into custody at the Cherokee County Detention Center, the Detention Center does an intake health screening. Mr. Collier was screened on April 20, 2012. At that time, he did not indicate that he had any painful dental conditions.

(Lewis Aff. ¶¶ 2-8.) Ms. Lewis attached Plaintiff's medical records with regard to his tooth as Exhibit A to her Affidavit. (See Lewis Aff. ¶ 8; see also Dkt. No. 30-5.)

In his Response in Opposition, Plaintiff states that he "can and will allege facts which set forth a federal claim when time for" trial. "(Dkt. No. 46 at 1.) Plaintiff attached various receipts to his Response. (See Dkt. No. 46-1.) One receipt, dated May 24, 2012, has two comments on it: "clonodine" and "dr visit." (Dkt. No. 46-1 at 1 of 2.) Plaintiff drew an arrow to "clonodine" and hand wrote on his receipt, "What I seen [sic] the doc. for." (Id.) Another

receipt is dated June 11, 2012; it reflects a charge for a prescription drug. (Dkt. No. 46-1 at 2 of 2.)[2] Finally, a third receipt, dated May 7, 2012, is barely legible but also reflects a charge for a prescription drug. (Id.)

The undersigned recommends granting summary judgment to Lewis because there is no genuine issue of material fact regarding whether Defendant Lewis was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff was seen at Sick Call on May 30, 2012, asking to see a dentist. (Lewis Aff. ¶ 2.) According to Ms. Lewis, Plaintiff's request to see a dentist was denied because it was not an emergency. (Id.) Ms. Lewis was not involved, however, in the decision regarding whether Plaintiff could see an outside dentist. (Id.) Since Ms. Lewis was not involved in the decision that Plaintiff could not see a dentist, she cannot be held liable pursuant to § 1983 for that decision. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations"); see also Neenan v. Sherman, No. 1:09cv1243 (JCC/IDD), 2012 WL 112938, at *2 (E.D. Va. Jan. 12, 2012).

Furthermore, the only complaint Plaintiff made regarding his teeth prior to filing the instant lawsuit was his complaint of May 30, 2012. (Lewis Aff. ¶¶ 2-3.) In that request, Plaintiff stated that he had a tooth that had been hurting for "about three weeks"; Plaintiff requested "some orajel or heating pad for the pain." (Dkt. No. 30-5 at 2 of 6.) Plaintiff was seen in sick call on May 30, 2012, and Dr. Miszkiewicz denied Plaintiff's request to see a dentist because it was not an emergency. (Lewis Aff. ¶ 2.) Plaintiff's complaint of May 30, 2012, was evaluated by a physician. Plaintiff's disagreement with the physician's evaluation does not constitute deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the

---

[2] Of course, Plaintiff filed his Complaint before June 11, 2012. (See generally Dkt. No. 1.)

Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."). In addition, on June 11, 2012, a few days after Plaintiff filed the instant action, he signed up for Sick Call, stating that he was "in need of [an] antibiotic for an abscessed tooth." (Dkt. No. 30-5 at 4 of 6.) Plaintiff was seen by Dr. Miszkiewicz that same day (on June 11, 2012) and was prescribed a round of antibiotics to treat his tooth. (See Lewis Aff. ¶ 5; see also Dkt. No. 30-5 at 5 of 6.) On these facts, no reasonable jury could find Defendant Lewis was deliberately indifferent to Plaintiff's serious medical needs. When Plaintiff complained about his teeth, he was evaluated by a physician and treated in accordance with that physician's judgment. The record does not support a finding of deliberate indifference. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).[3]

In light of the undersigned's recommendation with respect to the Plaintiff's federal claims, the undersigned recommends dismissal of any state law claims pursuant to 28 U.S.C. § 1367(c). See 28 U.S.C. § 1367(c); see also Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996).

---

[3] Defendants also seek summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 30-1 at 12-13.) According to Defendants, Plaintiff filed no grievances regarding the medical care provided for his tooth and filed one grievance "regarding the [Detention Center] charging $5.50 for an indigent pack." (Dkt. No. 30-1 at 12.) Although Plaintiff may have failed to exhaust his administrative remedies, the evidence presented by Defendants have not shown that they are entitled to summary judgment on this issue. Padgett's Affidavit mentions one grievance filed related to Plaintiff's inmate account, but the exhaustion process at the Detention Center is not described. In addition, Padgett's Affidavit does not state that Plaintiff did file a grievance with respect to his tooth or did not file such a grievance. (See generally Dkt. No. 30-2.) Although Defendants may be correct in their assertion that Plaintiff failed to exhaust his administrative remedies, Defendants have not established that they are entitled to judgment as a matter of law on this issue.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 30) be GRANTED, and that Plaintiff's state law claims be dismissed pursuant to 28 U.S.C. § 1367(c).

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 11, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).